PRESIDING JUSTICE CUNNINGHAM, specially concurring: I concur with the result reached by the majority. Nevertheless, I am compelled to comment on whether the defendant’s right to a speedy trial was violated, given the extensive amount of time which passed between the time of the defendant’s conviction and the perfection of his appeal to this court. It should be noted that speedy trial in the context of this appeal refers only to the perfection of the appeal before this court. The majority concludes that the defendant’s right to a speedy trial was not violated because he failed to act once he determined that his appellate counsel had not perfected the appeal and that the appeal had later been dismissed for want of prosecution. The defendant was an unsophisticated inmate who did not have unfettered access to the normal tools of communication, legal research nor the legal acumen necessary to effectuate a timely remedy for his appellate counsel’s shortcomings. I would find that given his circumstances, the defendant acted reasonably and timely within the bounds of the tools available to him to bring about perfection of his appeal. In my opinion, the 17-year delay in prosecuting this appeal was significantly the fault of others and not the defendant. Therefore, I believe that the defendant’s right to a speedy trial, as related to the prosecution of his appeal, was impaired. The relevant inquiry is whether the defendant was prejudiced by that impairment. I am not aware of any precedent which would automatically entitle the defendant to a new trial upon violation of his right to a speedy trial in this context, i.e., perfection of an appeal. Thus, the answer to the inquiry regarding whether the defendant suffered prejudice as a result of the delay must be the determinative factor in whether the defendant is entitled to a new trial. Like the majority, I do not believe there is any evidence to suggest that the defendant was materially harmed by the delay of his appeal. As the majority notes, “defendant may have *** experienced anxiety and concern during the *** delay.” 403 Ill. App. 3d at 19. But I agree with the majority that this “emotion is present to some extent in every case.” 403 Ill. App. 3d at 19. In summary, I believe that the defendant’s right to a speedy appeal was violated but I do not believe that the defendant suffered any prejudice as a result of that delay.